**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDY RYAN PHOTOGRAPHER, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS, INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 1:22-cv-9162<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br>3. VIOLATION OF DMCA 17 U.S.C. § 1202<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Andy Ryan Photographer, LLC, ("Ryan") by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Andy Ryan Photographer, LLC ("Ryan") is a New York limited liability company doing business in and with this District, including through its principal place of business in Westchester, New York.

5. On information and belief, Ryan alleges that Defendant COMPASS, INC. d/b/a "Compass" ("Compass") is Delaware corporation doing business in and with this District, with its global headquarters and principal place of business at 90 Fifth Avenue, 3rd Floor, New York, NY 10011.

6. On information and belief, Ryan alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Ryan's copyrights, have contributed to the infringement of Ryan's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Ryan, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. On information and belief, Ryan alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such

agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Ryan's rights and the damages to Ryan proximately caused thereby.

8. Defendants, and each of them, have copied photography for which Ryan holds the copyrights, including, without limitation, that set forth herein.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHS

9. Andy Ryan is a renowned freelance architectural, interior design, and home products photographer whose business consists, in part of licensing rights to reproduce and distribute photographs owned by his entity or that his entity has the exclusive rights to license. Andy Ryan has worked for more than a decade creating photography which has been featured in publications such as Country Living, Apartment Theory, Architectural Digest, Forbes, Westchester Home Magazine, and The New York Times.

10. Andy Ryan created and his entity, Ryan, owns the series of original photographs of the property located at 340 Stanwich Road, Greenwich, CT 06830 depicted in **Exhibit A** attached hereto (the "Subject Photographs"). Ryan is the sole owner of all rights, title, and interest in the Subject Photographs and has registered those works with the U.S. Copyright Office.

11. On information and belief, Ryan alleges that following Defendants' receipt of the Subject Photographs, Defendants, and each of them, used the Subject Photographs for commercial purposes including, without limitation, by posting the Subject Photographs online at the website *https://www.compass.com/*, which is owned and operated by Compass, in order to attract customers to use Compass's services and -=` to purchase and rent Compass's listed properties (the "Infringing Uses"). True and correct exemplar screen captures, and their accompanying URLs, of the Infringing Uses are depicted in **Exhibit A** attached hereto.

12. At no point did Compass ever receive authorization or consent from Ryan for its exploitation of the Subject Photographs.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement - Against All Defendants, and Each)

13. Ryan repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

14. On information and belief, Ryan alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, by receiving the Subject Photographs from a party with a prior license for use of the Subject Photographs, and through viewing Ryan's website, *https://www.andyryanphotographer.com/*, as well as Ryan's many online profiles, publications, and features. Access is further evidenced by the exact reproduction of the Subject Photographs in the Infringing Uses.

15. On information and belief, Ryan alleges that Defendants, and each of them, infringed Ryan's copyrights in the Subject Photographs by, without limitation, copying, reproducing, publishing, and displaying the Subject Photographs in the Infringing Uses for commercial benefit as set forth above, without Ryan's authorization or consent.

16. Due to Defendants', and each of their, acts of infringement, Ryan has suffered general and special damages in an amount to be established at trial.

17. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Ryan's rights in the Subject Photographs. As such, Ryan is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs in an amount to be established at trial.

18. On information and belief, Ryan alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**SECOND CLAIM FOR RELIEF**

**(For Vicarious and/or Contributory Infringement – Against all Defendants, and Each)**

19. Ryan repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20. On information and belief, Ryan alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Such conduct included, without limitation, publishing and displaying photographs that Defendants knew, or should have known, were not authorized to be published by Defendants; publishing the Infringing Uses on affiliate, third-party, and social media sites; and distributing the Infringing Uses to third-parties for further publication

21. On information and belief, Ryan alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. Defendants, and each of them, also realized profits through their respective obtainment, distribution, and publication of the Infringing Uses.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Ryan's rights in the Subject Photographs. As such, Ryan is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs, in an amount to be established at trial.

23. On information and belief, Ryan alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory

damages under Section 504(c)(2) of the Copyright Act in the sum of up to $1500,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF

**(For Violations of 17 U.S.C. §1202 – Against all Defendants, and Each)**

24. Ryan repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Ryan's photography was routinely published with copyright management information ("CMI"), as that phrase is used in 17 USC § 1202. Ryan's CMI included, without limitation, its name, metadata, and other indicia of authorship and attribution information.

26. On information and belief, Ryan alleges that Defendants, and each of them, intentionally removed Ryan's CMI in violation of 17 USC § 1202(b) before copying, reproducing, distributing, and displaying the Subject Photographs on Defendant's website and profiles. Defendants failed to publish the Subject Photographs with proper indicia of authorship and removed or hid CMI which would indicate Ryan's ownership and authorship of the Subject Photographs.

27. On information and belief, Ryan alleges that Defendants, and each of them, did distribute, published, and otherwise publicly display copies of Subject Photographs knowing that copyright management information has been removed or altered without authority of Ryan or the law, knowing, or, with respect to civil remedies under 17 USC § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

28. On information and belief, Ryan alleges that Defendants, and each of them, in violation of 17 USC § 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added their own logos and author names, bylines, and attribution to the Subject Photographs within the Infringing Uses.

29. On information and belief, Ryan alleges that Defendants, and each of them knew that they were providing false copyright management information to their copies of the Subject Photographs and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photographs.

30. Due to Defendants acts of infringement, as alleged herein, Ryan has suffered and will seek to recover general and special damages in an amount to be established at trial, and/or statutory damages and attorneys' fees as provided in 17 USC § 1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants, and Each And With Respect To Each Claim For Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from exploiting Ryan's photography, including without limitation the Subject Photographs, including through, without limitation, an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, Ryan's photography, including without limitation the Subject Photographs, from any print, web, or other publication owned, operated, or controlled by any Defendant;

b. That Ryan be awarded all profits of Defendants, and each of them, plus all losses of Ryan, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 504, and other applicable law;

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Ryan's intellectual property rights;

d. That Ryan be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 101 et seq.;

e. That Ryan be awarded its costs and fees under the statutes set forth above;

      f.      That Ryan be awarded statutory damages and/or penalties under the statutes set forth above, to the extent they are available;

      g.      That Ryan be awarded pre-judgment interest as allowed by law;

      h.      That Ryan be awarded the costs of this action; and

      i.      That Ryan be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

**Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

                                                   Respectfully submitted,

Dated: October 25, 2022          By:    */s/ Scott Alan Burroughs*
                                                           Scott Alan Burroughs, Esq.
                                                           Laura M. Zaharia, Esq.
                                                           DONIGER / BURROUGHS
                                                           247 Water Street, First Floor
                                                           New York, New York 10038
                                                           (310) 590-1820
                                                           *Attorneys for Plaintiff*